**Luis TYRON, a/k/a Luis Tyron Pelaese**

v.

**WORLD GYM, INC., and
Ameth Alzate.**

**No. 98–188–Appeal.**

Supreme Court of Rhode Island.

May 28, 1999.

Daniel R. Sumner, Warwick.

Bennett R. Gallo, Michael L. Schein, Providence.

**ORDER**

This case came before the Court for oral argument on May 21, 1999, pursuant to an order entered on December 16, 1998, directing the parties to appear and show cause why the issues raised in the plaintiff's appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by the appeal should be summarily decided.

The plaintiff, Luis Tyron, appeals from the grant of summary judgment entered in favor of one of the two defendants names in the plaintiff's action, World Gym, Inc. (World Gym), in accordance with Super.R.Civ.P. 54(b). The plaintiff asserts the trial justice overlooked material issues of fact when she found that World Gym, Inc. owed no duty to the plaintiff.

In December of 1994, the plaintiff was employed by the remaining defendant, Ameth Alzate (Alzate) as a painter. Alzate was hired by World Gym to paint its business premises located on Branch Avenue in Providence. It is undisputed that Alzate was engaged as an independent contractor and that World Gym never paid the plaintiff directly; rather, it would pay Alzate for painting work performed and Alzate would subsequently pay cash to the plaintiff for his work.

On December 5, 1994, the plaintiff and a fellow employee of Alzate erected scaffolding in order to access a skylight in World Gym's ceiling. The scaffolding was constructed to a height of approximately twenty feet and lacked railings around its platform. Although actual ownership of the scaffolding is unknown, it was brought to the site by Alzate and it is undisputed that it did not belong to World Gym. The same scaffolding had been used by the plaintiff at the site on previous occasions while employed by Alzate, but never at a similar height. In his deposition, the plaintiff testified that agents and employees of World Gym had previously instructed him what they wanted to be painted and which colors to use for the work.

On the day of the plaintiff's fall he had, after assisting in assembling the scaffolding and determining it was secure, climbed the scaffolding and thereafter began to prime the area for painting. As he was

performing this task, the plaintiff slipped and fell from the scaffolding causing multiple injuries.

In his complaint, the plaintiff alleges that his injuries were proximately caused by: (1) the defective nature of the scaffolding; (2) the defendants' failure to exercise due care in controlling the scaffolding and work area; and, (3) the defendants' failure to construct or supervise the construction of the scaffolding. World Gym moved for summary judgment, asserting that it owed no duty to the plaintiff and that, even if it did, the plaintiff's injuries were not caused by any negligence on the part of World Gym, Inc. The motion was granted and the plaintiff now appeals citing to *Molinari v. Sinclair Refining Co.*, 111 R.I. 490, 304 A.2d 651 (1973), for support.

The plaintiff's reliance on *Molinari* is misplaced. The lynchpin of the *Molinari* holding was that the property owner there owned the defective property (namely, a rusty eyebolt) that caused or contributed to the plaintiff's injury. Here, the allegedly defective property (the scaffolding without railings) was owned not by World Gym but by Alzate, plaintiff's employer. Thus, on the facts in this case, World Gym owed no duty to the plaintiff who was an employee of an independent contractor hired by World Gym to paint its premises. The plaintiff's entitlement to recovery, if any, is against the remaining defendant, Alzate, not World Gym.

For the foregoing reasons, the plaintiff's appeal is denied and the papers are remanded to the Superior Court for proceedings consistent with this order.